Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:    (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:        mark@markmerin.com
               paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF JOHN SWAIN,
L.S., J.S., and CONNIE SWAIN

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| ESTATE OF JOHN SWAIN, L.S., J.S., and CONNIE SWAIN, | Case No. |
| Plaintiffs, | **COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS** |
| vs. | **DEMAND FOR JURY TRIAL** |
| COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20, | |
| Defendants. | |

## INTRODUCTION

35-year-old JOHN SWAIN was denied necessary mental health services and observation as a pretrial detainee at the Trinity County Correctional Facility in custody of the COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE resulting in his death by suicide on January 8, 2024.

## JURISDICTION & VENUE

1. This Court has jurisdiction over the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities protected by the U.S. Constitution). This Court has jurisdiction of the state claims under 28 U.S.C. § 1367.

1

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Swain v. County of Trinity*, United States District Court, Eastern District of California, Case No. _____

2.      Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3.      Intradistrict venue is proper in the Sacramento Division of the Eastern District of California pursuant to Local Rule 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Trinity, California.

## EXHAUSTION

4.      On December 2, 2024, the ESTATE OF JOHN SWAIN, L.S., J.S., and CONNIE SWAIN submitted a government claim to the COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE relating to the claims asserted in this action.

5.      By January 16, 2025, the COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE failed or refused to act on the claim.

## PARTIES

6.      Plaintiff ESTATE OF JOHN SWAIN appears by and through real-parties-in-interest Plaintiffs L.S. and J.S., the biological children of JOHN SWAIN, who bring this action pursuant to California Code of Civil Procedure § 377.30. Plaintiffs L.S. and J.S. bring this action as the successors-in-interest to JOHN SWAIN. The declaration regarding Plaintiffs L.S. and J.S.'s status as the successors-in-interest to JOHN SWAIN are attached pursuant to California Code of Civil Procedure § 377.32.

7.      Plaintiff L.S. is a resident of the County of Gallatin, Montana. Plaintiff L.S. is the biological daughter of JOHN SWAIN. Plaintiff L.S. brings this action: (1) in a representative capacity as a successor-in-interest, on behalf of JOHN SWAIN; and (2) in an individual capacity, on behalf of herself.

8.      Plaintiff J.S. is a resident of the County of Gallatin, Montana. Plaintiff J.S. is the biological son of JOHN SWAIN. Plaintiff J.S. brings this action: (1) in a representative capacity as a successor-in-interest, on behalf of JOHN SWAIN; and (2) in an individual capacity, on behalf of himself.

9.      Plaintiff CONNIE SWAIN is a resident of the County of Trinity, California. Plaintiff CONNIE SWAIN is the biological mother of JOHN SWAIN. Plaintiff CONNIE SWAIN brings this action in an individual capacity, on behalf of herself.

10.    Defendant COUNTY OF TRINITY is located in the State of California. Defendant COUNTY OF TRINITY is a "public entity" pursuant to California Government Code § 811.2.

11.    Defendant TRINITY COUNTY SHERIFF'S OFFICE located in the State of California, COUNTY OF TRINITY. Defendant TRINITY COUNTY SHERIFF'S OFFICE is a "public entity" pursuant to California Government Code § 811.2.

12.    Defendant TIM SAXON is and was, at all times material herein, a law enforcement officer and Sheriff for Defendants COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE, acting within the scope of employment and under color of state law. Defendant TIM SAXON is sued in an individual capacity.

13.    Defendant TRINITY COUNTY BEHAVIORAL HEALTH SERVICES is located in the County of Trinity, California. Defendant TRINITY COUNTY BEHAVIORAL HEALTH SERVICES is a "public entity" pursuant to California Government Code § 811.2.

14.    Defendant CONNIE SMITH is and was, at all times material herein, director for Defendants COUNTY OF TRINITY and TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, acting within the scope of employment and under color of state law. Defendant CONNIE SMITH is sued in an individual capacity.

15.    Defendants DOE 1 to 20 are and/or were agents, contractors, or employees of Defendants COUNTY OF TRINITY and/or TRINITY COUNTY SHERIFF'S OFFICE, acting within the scope of agency or employment and under color of state law. Defendants DOE 1 to 20 are sued by their fictitious names and their true and correct names and identities will be substituted when ascertained.

## GENERAL ALLEGATIONS

16.    At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

### Jail Facilities & Mental Health Services

17.    Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON are responsible for taking charge of and keeping county jail facilities and the inmates in it, and are answerable for the inmates' safety and security, pursuant to California law and Defendant TRINITY COUNTY SHERIFF'S OFFICE's written policies. Defendants COUNTY OF TRINITY,

TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON are responsible for the actions and inactions and the policies and customs of their employees, agents, and contractors, and for supervising all aspects of the jail facilities under their supervision, including inmates' access to safe and secure housing and competent healthcare.

18.     Defendants COUNTY OF TRINITY, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, and CONNIE SMITH are responsible for the provision of mental health services to inmates in county jail facilities, and are answerable for the inmates' mental health, pursuant to Defendant TRINITY COUNTY BEHAVIORAL HEALTH SERVICES's written policies. Defendants COUNTY OF TRINITY, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, and CONNIE SMITH are responsible for the actions and inactions and the policies and customs of their employees, agents, and contractors, and for supervising all aspects of the mental health services under their supervision, including suicide risk evaluations, precautions, housing, and treatment/safety planning.

19.     Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, and CONNIE SMITH maintained a policy or custom of providing inadequate healthcare/mental health services to inmates, including where healthcare staff were not available to evaluate, treat, and/or refer for specialized treatment inmates demonstrating urgent medical/mental health needs; and where untrained and unqualified correctional staff were required to make medical decisions relating to the care of inmates demonstrating urgent medical/mental health needs. For example, inmates were permitted access to mental health professionals and services on only one single day of the week—Wednesdays—despite the obvious need for initial screenings and continuity of care no matter the day of the week.

**Jail Commander**

20.     Defendants COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE's jail commander has numerous responsibilities related to maintenance of the county jail facilities including, for example, "maintain[ing] an up-to-date staffing plan for the purpose of exercising position control"; "developing staffing plans to comply with [the policy of supervision of incarcerated persons]"; "ensuring that scheduled and unscheduled inspections, visits and contacts" of jail facilities; "ensur[ing] that incarcerated persons have adequate ways to communicate with staff and that the staff communicates and

interacts with incarcerated persons in a timely and professional manner"; "ensuring the Trinity County Sheriff's Office facility is designed or adapted to reasonably accommodate incarcerated persons with disabilities"; "collaborat[ing] with the local public and private organizations that offer mental health services, treatment, and care to those incarcerated persons in need of such services"; and "establishing and monitoring the facility maintenance schedule, the inspection schedules of the Jail Supervisors and correctional officers, and ensuring that any deficiencies discovered are corrected in a timely manner." Trinity County Sheriff's Office Custody Manual Policy 201.7 (Staffing Plan), Policy 202.3 (Supervision of Incarcerated Persons), Policy 215.3 (Inspections), Policy 517.2 (Staff and Incarcerated Person Contact), Policy 602.3 (Incarcerated Persons with Disabilities), Policy 711.3 (Mental Health Services), Policy 803.4 (Physical Plant Compliance with Codes).

21.    On February 6, 2023, Defendants COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE's jail commander was placed on leave.

22.    Thereafter, Defendants COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE's medical officer became the acting jail commander while also continuing his responsibilities as the medical officer. From February 6, 2023, to present, Defendants COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE's positions of jail commander and medical officer have been performed by one person, and that person was and is unable to oversee and dedicate full-time attention to the jail facilities including the Trinity County Correctional Facility.

23.    Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON failed, and continue to fail, to take any action on the known lack of jail commander.

**Light Fixtures**

24.    On February 26, 2023, 44-year-old Aron Lewandowski suffered brain-death at the Trinity County Correctional Facility. Aron Lewandowski was an inmate with a documented history of mental health issues who was housed in the jail's segregated housing unit, A Dorm, in which he was able to commit suicide without detection by jail staff. Aron Lewandowski hung himself with a bedsheet which he anchored to a gap in his cell's light fixture located on the ceiling.

25.    On May 3, 2023, Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON contracted with a construction company to conduct a site visit at the jail.

During the visit, the construction company representative inspected the light fixtures in the A Dorm cells and reported that several fixtures contained defects including large open seams around the fixture which could be used as anchor points.

26. Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON failed to take any action to repair the known light fixture defects in the jail.

27. On January 8, 2024, JOHN SWAIN hung himself with a bedsheet which he anchored to a gap in his cell's light fixture located on the ceiling—in the same manner Aron Lewandowski had attempted suicide less than one year earlier on February 26, 2023.

28. On January 26, 2024, Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON contracted with the construction company which conducted the site visit at the jail more than eight months earlier to perform a work estimate for repair of the defective light fixtures.

29. On March 28, 2024, Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON contracted with the construction company to repair the defective light fixtures.

30. Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON's decision to repair the defective light fixtures occurred more than 14 months after the defect was made obvious by the suicide of Aron Lewandowski on February 26, 2023.

**John Swain**

31. JOHN SWAIN was a 35-year-old man, prior to his death on January 8, 2024.

32. JOHN SWAIN suffered from a documented disability including bipolar disorder with suicidal ideation and substance abuse disorder.

33. JOHN SWAIN's disability required hospitalization and treatment on occasions prior to his death, and substantially limited one or more major life activities, including caring for oneself, concentrating, thinking, and working.

34. JOHN SWAIN was prescribed medications for his disability prior to his death including mood stabilizers and sleeping aids.

35. JOHN SWAIN's disability and associated symptoms were exacerbated when he became

6

1   stressed, discontinued taking medications, and/or abused substances.

2       36.    JOHN SWAIN's disability history including mental health issues which were frequently

3   and extensively documented in records when he was incarcerated including when he was a prisoner in

4   the California Department of Corrections and Rehabilitation for more than a year and when he was an

5   inmate at Defendant TRINITY COUNTY SHERIFF'S OFFICE facilities on approximately 10 occasions

6   prior to his death.

7                                    **In-Custody Death**

8       37.    On January 6, 2024, JOHN SWAIN was arrested and booked as a pre-trial detainee into

9   the Trinity County Correctional Facility, 701 Tom Bell Road, Weaverville, CA 96093.

10      38.    JOHN SWAIN was suffering from the effects of methamphetamine use and addiction

11  including experiencing symptoms of paranoia, psychosis, and delusions.

12      39.    JOHN SWAIN had a history of incarceration at the jail including on approximately 10

13  prior occasions, and was generally known by the jail staff.

14      40.    Upon intake, Defendants DOE 1 to 20, jail staff, knew or should have known that JOHN

15  SWAIN presented a heightened suicide risk including based on mental health history and present

16  condition.

17      41.    Defendant DOE 1, a correctional deputy, conducted JOHN SWAIN's booking and

18  classification for housing into the jail.

19      42.    Defendant DOE 1 assigned JOHN SWAIN housing in A Dorm, Cell A204, a solitary cell.

20  Cell A204 presented several suicide risks including anchor points (a defective light fixture containing a

21  large open seam) and items from which a ligature/noose could be fashioned (bedsheets).

22      43.    JOHN SWAIN was not evaluated by any medical or mental health professional.

23      44.    JOHN SWAIN continued to exhibit symptoms of his disability while incarcerated.

24      45.    During his incarceration, JOHN SWAIN requested that Defendants DOE 1 to 20, jail

25  staff, provide him with medications to treat his disability including bipolar and sleeping disorders. In

26  response, Defendants DOE 1 to 20 denied JOHN SWAIN's request. Defendants DOE 1 to 20 told JOHN

27  SWAIN that he would have to "wait" until medical or mental health professionals evaluated him before

28  he could receive treatment including medications.

7

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Swain v. County of Trinity*, United States District Court, Eastern District of California, Case No. _____

46.     JOHN SWAIN was booked into the jail on a Saturday, and would not receive access to mental health services until, at the earliest, Wednesday, due to jail practice.

47.     On January 8, 2024, JOHN SWAIN used the bedsheets in his cell to fashion a makeshift ligature/noose which he anchored to the defective light fixture in his cell.

48.     JOHN SWAIN hung himself by the neck using the bedsheets anchored to the defective light fixture.

49.     Defendants DOE 1 to 20, jail staff, were responsible for supervising and monitoring A Dorm including Cell A240 where JOHN SWAIN was housed. Defendants DOE 1 to 20 had the ability to monitor JOHN SWAIN with closed-circuit television (CCTV) video feed and direct-view safety checks. Defendants DOE 1 to 20 failed to conduct timely and adequate monitoring of JOHN SWAIN including by observing, intervening, and preventing JOHN SWAIN's suicide attempt.

50.     Later, Defendants DOE 1 to 20 discovered JOHN SWAIN's hanging body in his cell.

51.     JOHN SWAIN could not be revived through resuscitation efforts and he was declared dead.

52.     JOHN SWAIN's cause of death was reported as "Ligature Asphyxiation."

53.     Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20 exhibited deliberate indifference to JOHN SWAIN's safety, security, and serious medical needs, where an intentional decision was made with respect to the conditions of his confinement and serious condition which put JOHN SWAIN at substantial risk of suffering serious harm, and reasonable available measures to abate those risks were not taken, including by performing a comprehensive intake screening; classification and housing assignment; safe and secure housing; medical/mental health treatment; suicide risk assessment; timely and adequate monitoring; obtaining informed opinions from medical/mental health professionals; and/or recommending urgent referral to an outside provider, and a reasonable official in the circumstances would have appreciated the high degree of risk involved, observed the need for intervention and immediate medical care, and responded appropriately to JOHN SWAIN's safety risks and medical emergency, based on the documented mental health history and present conditions.

54.     Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM

8

SAXON, and DOE 1 to 20 failed to utilize appropriate policies, training, standards, and procedures including in violation of California Code of Regulations title 15 § 1030 (Suicide Prevention Program), § 1055 (Use of Safety Cell), § 1207 (Medical Receiving Screening), § 1027.5 (Safety Checks), § 1208 (Access to Treatment), § 1210 (Individualized Treatment Plans), § 1211 (Sick Call), § 1213 (Detoxification Treatment), § 3365 (Suicide Prevention and Response); California Commission on Peace Officer Standards and Training (POST) Learning Doman 31 (Custody), Learning Domain 37 (People with Disabilities); and Trinity County Sheriff's Office Custody Manual Policy 502 (Reception), Policy 504 (Safety Checks), Policy 505 (Special Management Incarcerated Persons), Policy 508 (Classification), Policy 602 (Incarcerated Persons with Disabilities), Policy 701 (Access to Care), Policy 703 (Referrals and Coordination of Specialty Care), Policy 710 (Medical Screening), Policy 711 (Mental Health Services), Policy 712 (Mental Health Screening and Evaluation), Policy 716 (Detoxification and Withdrawal), Policy 722 (Suicide Prevention and Intervention), Policy 724 (Medical Assessment Protocols).

54. Defendants COUNTY OF TRINITY, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20 failed to utilize appropriate policies, training, standards, and procedures including in violation of California Code of Regulations title 15 § 1030 (Suicide Prevention Program), § 1055 (Use of Safety Cell), § 1207 (Medical Receiving Screening), § 1027.5 (Safety Checks), § 1208 (Access to Treatment), § 1210 (Individualized Treatment Plans), § 1211 (Sick Call), § 1213 (Detoxification Treatment), § 3365 (Suicide Prevention and Response); National Commission on Correctional Health Care (NCCHC) Standards for Health Services in Jails Standard J-A-01 (Access to Care), Standard J-B-05 (Suicide Prevention and Intervention), Standard J-C-04 (Health Training for Correctional Officers), Standard J-C-07 (Staffing), Standard J-D-08 (Hospitals and Specialty Care), Standard J-E-02 (Receiving Screening), Standard J-E-04 (Initial Health Assessment), Standard J-E-08 (Nursing Assessment Protocols and Procedures), Standard J-E-09 (Continuity, Coordination, and Quality of Care During Incarceration), Standard J-F-01 (Ongoing Care for Chronic Illness), Standard J-F-04 (Medically Supervised Withdrawal and Treatment), Standard J-G-02 (Segregated Inmates); Institute for Medical Quality (IMQ) Standard 110 (Transfer of Inmates with Acute Illness), Standard 204 (Basic Training for Correctional Personnel), Standard 302 (Receiving Screening), Standard 303 (Substance

9

Abuse), Standard 304 (Access to Treatment), Standard 306 (Clinic Care), Standard 307 (Health Inventory & Communicable Disease Screening), Standard 312 (Suicide Prevention), Standard 318 (Standardized Procedures/Treatment Protocols), Standard 319 (Continuity of Care), Standard 328 (Health Maintenance); and American Correctional Association (ACA) Standard 4-ALDF-2A-15 (Staffing), Standard 4-ALDF-5A-04, 4-ALDF-5A-06, 4-ALDF-5A-07 (Substance Abuse Programs), Standard 4-ALDF-7B-10 (Training and Staff Development), Standard 4-ALDF-4C-01 (Access to Care), Standard 4-ALDF-4C-05 (Referrals), Standard 4-ADLF-4C-22 (Health Screens), Standard 4-ALDF-4C-24, 4-ALDF-4C-25 (Health Appraisal), Standard 4-ALDF-4C-32 (Suicide Prevention and Intervention), Standard 4-ALDF-4C-33 (Suicide Clothing), Standard 4-ALDF-4C-36 (Detoxification), Standard 4-ALDF-4C-37 (Management of Chemical Dependency), Standard 4-ALDF-4D-20 (Transfer), Standard 1-HC-1A-01 (Access to Care), Standard 1-HC-4A-05 (Staffing/Referrals), Standard 1-HC-4A-07 (Transfers), Standard 1-HC-1A-19 (Health Screens), Standard 1-HC-1A-22, 1-HC-1A-23 (Health Appraisal), Standard 1-HC-1A-33 (Detoxification), Standard 1-HC-1A-34 (Management of Chemical Dependency).

**Civil Grand Jury Findings**

56.    On December 10, 2024, the 2024 Trinity County Civil Grand Jury published a report on "Deaths at the Trinity County Correctional Facility." Therein, the grand jury investigated the in-custody death of JOHN SWAIN and reported: "Death and Light Fixtures [¶] Almost a year before the death of Mr. Swain, Aron Lewandowski was found unresponsive in his cell on February 26, 2023. After being transferred from the Trinity County Correctional Facility to Mercy Medical Center in Redding, California, Mr. Lewandowski would later be pronounced dead. The Trinity Journal reported the death in an article on March 22, 2023 titled 'Suspect in February Stabbing Dies of Apparent Suicide', but gave no details regarding the method. [¶] During the course of the 2024 Trinity County Civil Grand Jury's investigation, it was learned via Trinity County Sheriff's Department incident reports 23-00207 and 24-00038 that both Mr. Lewandowski and Mr. Swain committed suicide in similar manners. Both individuals were able to hang themselves by passing a bedsheet through the gap between the cell's light fixture and the ceiling. Mr. Lewandowski was housed in cell A104 and Mr. Swain was housed in cell A204. [¶] Upon discovery of the unresponsive Mr. Lewandowski and Mr. Swain during an hourly head

10

check, correctional officers promptly entered the cells, lowered each to the floor. and began chest compressions. Medical calls went out. Responding agencies included Trinity Life Support, Weaverville Volunteer Fire Department, and CalFire. [¶] Following the death of Mr. Lewandowski, correctional staff brought in representatives from a construction company to perform a site visit on May 3, 2023. The representatives examined the state of the light fixtures in the cells. Several fixtures were noted as having an open seam around the fixture with some having a large open seam, including in cell A204, which would later house Mr. Swain. It wasn't until January 26, 2024, 12 days after the death of Mr. Swain and 8 months after the initial assessment, that construction company employees returned to perform a work estimate. All lights were subsequently repaired by March 28, 2024, 10 months after the initial assessment. Had the light fixture in cell A204 been repaired before January 8, 2024, Mr. Swain may have been prevented from hanging himself as described earlier. [¶] As reported in the Trinity Journal on June 12, 2024, a wrongful death lawsuit in connection to Mr. Lewandowski's death has been filed against Trinity County. It is unknown at this time the fiscal impact this lawsuit will have on Trinity County. * * * Findings [¶] Fl. Failure to fix identified suicide hazards contributed to the death of Mr. Swain while at the Trinity County Correctional Facility. * * * Recommendations [¶] R1. The 2024 Trinity County Civil Grand Jury recommends that the Trinity County Sheriff's Department, in cooperation with the County Administrator's Office and the Board of Supervisors, develop a policy by June 1, 2025 that prioritizes the remediation of hazards at the Trinity County Correctional Facility when those issues are identified." 2024 Trinity County Civil Grand Jury, *Deaths at the Trinity County Correctional Facility* (Dec. 10, 2024), available at: <https://www.trinitycounty.org/569/2024-Grand-Jury-Reports-Responses>.

## POLICY / CUSTOM ALLEGATIONS

57.     Defendant TIM SAXON has served as sheriff for Defendants COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE since 2018. Defendant TIM SAXON is and was a final policymaking official for Defendants COUNTY OF TRINITY and TRINITY COUNTY SHERIFF'S OFFICE, including as it relates to the maintenance and operation of jail and detention facilities; training, supervision, and discipline of staff acting under his command; and the safety and security of inmates in his custody. Cal. Const. Art. XI § 1(b); Cal. Pen. Code § 4000; Cal. Pen. Code § 4006; Cal. Gov. Code § 26605; Cal. Gov. Code § 26610. For example, Defendant TIM SAXON is and was responsible for the

provision of medical care to inmates in his custody at county jail facilities, including assessment of inmates for medical emergencies, medical needs, and all policies, procedures, customs, hiring, staffing, supervision, and training related thereto. Trinity County Sheriff's Office Custody Manual Policy 100 (Organizational Structure and Responsibility).

58.     Defendant CONNIE SMITH has served as director for Defendants COUNTY OF TRINITY and TRINITY COUNTY BEHAVIORAL HEALTH SERVICES since 2019. Defendant CONNIE SMITH is and was a final policymaking official for Defendants COUNTY OF TRINITY and TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, including as it relates to the provision of mental health services to inmates at county jail facilities; training, supervision, and discipline of staff acting under her command; and the safety and security of inmates in her care. For example, Defendant CONNIE SMITH is and was responsible for the provision of medical care to inmates in her care at county jail facilities, including assessment of inmates for mental health emergencies, mental health needs, and all policies, procedures, customs, hiring, staffing, supervision, and training related thereto.

59.     <u>Classification / Housing</u>: Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, and CONNIE SMITH maintain inadequate policies and customs relating to the classification and housing assignment of inmates including through inadequate consideration of information and risk factors. For example:

(a)     On January 11, 2024, Joshua Garbutt, an inmate who presented and reported severe withdrawal symptoms upon intake at the jail, received a "Severe Disorder" risk classification by jail staff and was housed in general population. On January 12, 2024, jail staff re-assigned Joshua Garbutt to a solitary cell in A Dorm, without documenting any justification. Joshua Garbutt's condition deteriorated, without any medical intervention or care provided. On January 14, 2024, Joshua Garbutt died at the jail. Joshua Garbutt died as a result of the jail staff's inadequate classification and housing decisions. A civil rights lawsuit was filed. *Estate of Garbutt v. County of Trinity*, No. 2:24-cv-01275-DMC (E.D. Cal.). The case remains pending. On December 10, 2024, the 2024 Trinity County Civil Grand Jury investigated the in-custody death and concluded that, "[h]ad Mr. Garbutt been transferred to the hospital in time, his death may have been avoided." 2024 Trinity County Civil Grand Jury, *Deaths at*

12

*the Trinity County Correctional Facility* (Dec. 10, 2024), available at:

<https://www.trinitycounty.org/569/2024-Grand-Jury-Reports-Responses>.

      (b)     On February 16, 2023, Aron Lewandowski, an inmate with documented mental health risks, was transferred to the jail from a hospital where suicide restrictions and precautions were in place. The jail staff assigned Aron Lewandowski to a solitary cell in A Dorm, and repeatedly denied requests for mental health services. Aron Lewandowski's condition deteriorated, without any mental health intervention or care provided. On February 26, 2023, Aron Lewandowski died at the jail by suicide. Aron Lewandowski died as a result of the jail staff's inadequate classification and housing decisions. A civil rights lawsuit has been filed. *S.L. v. County of Trinity*, No. 2:24-cv-01697-JAM-JDP (E.D. Cal.). The case remains pending.

      (c)     On November 24, 2020, Richard Noone, an inmate with documented drug issues, died of acute methamphetamine intoxication. Richard Noone was incarcerated at the jail early in the morning and was found in cardiorespiratory arrest later that day. On information and belief, Richard Noone died as a result of the jail staff's inadequate classification and housing decisions.

      (d)     In 2017, William Jones, an inmate, died at the jail by suicide. On information and belief, William Jones died as a result of the jail staff's inadequate classification and housing decisions.

      60.    <u>Mental Health Services</u>: Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, and CONNIE SMITH maintain inadequate policies and customs relating to the provision of mental health services to inmates. For example:

      (a)     Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, and CONNIE SMITH limit inmates' access to mental health professionals to a single day of the week—Wednesdays—for reasons unrelated to the medical needs of the inmates. *S.L. v. County of Trinity*, No. 2:24-cv-01697-JAM-JDP, ECF No. 4 ¶¶ 30, 33, 107, 109(e) (E.D. Cal. Apr. 17, 2024).

      (b)     On February 16, 2023, Aron Lewandowski, an inmate with documented mental health risks, was transferred to the jail from a hospital where suicide restrictions and precautions were in place. The jail staff assigned Aron Lewandowski to a solitary cell in A Dorm, and repeatedly denied

1  requests for mental health services. Aron Lewandowski's condition deteriorated, without any mental

2  health intervention or care provided. On February 26, 2023, Aron Lewandowski died at the jail by

3  suicide. Aron Lewandowski died as a result of the jail staff's inadequate mental health services. A civil

4  rights lawsuit has been filed. *S.L. v. County of Trinity*, No. 2:24-cv-01697-JAM-JDP (E.D. Cal.). The

5  case remains pending.

6          (c)      In 2017, William Jones, an inmate, died at the jail by suicide. On information and

7  belief, William Jones died as a result of the jail staff's inadequate mental health services.

8          61.    Staffing: Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S

9  OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, and CONNIE

10  SMITH maintain inadequate policies and customs relating to staffing personnel at the jail. For example:

11          (a)      Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE,

12  TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, and CONNIE SMITH limit

13  inmates' access to mental health professionals to a single day of the week—Wednesdays—for reasons

14  unrelated to the medical needs of the inmates. *S.L. v. County of Trinity*, No. 2:24-cv-01697-JAM-JDP,

15  ECF No. 4 ¶¶ 30, 33, 107, 109(e) (E.D. Cal. Apr. 17, 2024).

16          (b)      On December 10, 2024, the 2024 Trinity County Civil Grand Jury issued findings:

17  "Wages for correctional officers are kept low. Starting pay for a new Trinity County Correctional Officer

18  I is $20 per hour. California fast food workers' starting rate is $20 per hour. Despite having the same

19  starting pay as in the fast food industry, correctional officers take on a greater risk of physical harm. [¶]

20  Because the beginning pay for entry level correctional officers is the same as fast food workers, the

21  Sheriff's Department has difficulty in finding qualified applicants. While the positions remain open,

22  existing correctional officers are needed to work overtime. * * * While the idea of working overtime is

23  usually thought of as a little extra time, a little extra money, that is not the case when overtime becomes

24  the norm. In addition, it is not a sustainable working model for any profession because it leads to

25  burnout. * * * Findings * * * F5. Low staffing levels and budgetary decisions have driven the use of

26  overtime. * * * F7. Based on excessive overtime hours, there are not enough correctional officers at the

27  jail. [¶] F8. Retention of correctional officers is key towards managing a reduction in overtime hours."

28  2024 Trinity County Civil Grand Jury, *Deaths at the Trinity County Correctional Facility* (Dec. 10,

2024), available at: <https://www.trinitycounty.org/569/2024-Grand-Jury-Reports-Responses>.

(e)     On January 11, 2024, Joshua Garbutt, an inmate who presented and reported severe withdrawal symptoms upon intake at the jail, received a "Severe Disorder" risk classification by jail staff and was housed in general population. On January 12, 2024, jail staff re-assigned Joshua Garbutt to a solitary cell in A Dorm, without documenting any justification. Joshua Garbutt's condition deteriorated, without any medical intervention or care provided. On January 14, 2024, Joshua Garbutt died at the jail. Joshua Garbutt died as a result of jail staffing decisions. A civil rights lawsuit was filed. *Estate of Garbutt v. County of Trinity*, No. 2:24-cv-01275-DMC (E.D. Cal.). The case remains pending. On December 10, 2024, the 2024 Trinity County Civil Grand Jury investigated the in-custody death and found: "The 2024 Trinity County Civil Grand Jury believes [correctional officer] Burnout was a factor in the death of Mr. Garbutt." 2024 Trinity County Civil Grand Jury, *Deaths at the Trinity County Correctional Facility* (Dec. 10, 2024), available at: <https://www.trinitycounty.org/569/2024-Grand-Jury-Reports-Responses>.

62.    <u>Dangerous Conditions</u>: Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, and CONNIE SMITH maintain inadequate policies and customs relating to dangerous conditions of confinement and known defects at the Trinity County Correctional Facility. For example:

(a)     Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON maintained defective light fixtures until the defect was repaired on March 28, 2024. Multiple inmates died as a result of the defect including 44-year-old Aron Lewandowski and 35-year-old JOHN SWAIN. The 2020 Trinity County Civil Grand Jury concluded that, "[h]ad the light fixture in cell A204 been repaired before January 8, 2024, Mr. Swain may have been prevented from hanging himself…" 2024 Trinity County Civil Grand Jury, *Deaths at the Trinity County Correctional Facility* (Dec. 10, 2024), available at: <https://www.trinitycounty.org/569/2024-Grand-Jury-Reports-Responses>.

(b)     Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON's CPR/First Aid training "is held once a year" such that, "[d]epending on when a new correctional officer is hired, that person could wait close to a year before receiving CPR/First Aid training." 2024 Trinity County Civil Grand Jury, *Deaths at the Trinity County Correctional Facility*

15

(Dec. 10, 2024), available at: <https://www.trinitycounty.org/569/2024-Grand-Jury-Reports-Responses>. For example, on January 14, 2024, Joshua Garbutt was discovered by jail staff experiencing seizure-like symptoms inside of his cell. The first-responding correctional officer, Nicholas Rucker, did not "render medical aid[]" to Joshua Garbutt because "he had not been trained in such," and did not radio for a medical response. *Estate of Garbutt v. County of Trinity*, No. 2:24-cv-01275-DMC, ECF No. 18 ¶ 146 (E.D. Cal. Oct. 30, 2024). Despite notice of defective training, Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TIM SAXON have failed to correct the deficiency to date. On December 10, 2024, the 2024 Trinity County Civil Grand Jury issued a "Recommendation": "R8. The 2024 Trinity County Civil Grand Jury recommends the Trinity County Sheriff's Department develop a policy requiring new correctional officers, as a condition of employment, have a current Red Cross CPR and First Aid certificate or the equivalent." 2024 Trinity County Civil Grand Jury, *supra*.

(c)    Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, and CONNIE SMITH failed to create and implement the nationally-recognized Clinical Opiate Withdrawal Scale (COWS) for inmates demonstrating symptoms of withdrawal until the "second half of 2024." Even after the jail staff were "introduced" to COWS monitoring, there are no "written guidelines for its use" by jail staff. 2024 Trinity County Civil Grand Jury, *Deaths at the Trinity County Correctional Facility* (Dec. 10, 2024), available at: <https://www.trinitycounty.org/569/2024-Grand-Jury-Reports-Responses>. For example, from January 11, 2024, to January 14, 2024, Joshua Garbutt was documented as suffering from severe withdrawal symptoms but was not monitored or medically evaluated until he died. *Estate of Garbutt v. County of Trinity*, No. 2:24-cv-01275-DMC (E.D. Cal.). On December 10, 2024, the 2024 Trinity County Civil Grand Jury found that, "[h]ad Mr. Garbutt been transferred to the hospital in time, his death may have been avoided." 2024 Trinity County Civil Grand Jury, *supra*.

63.    Monitoring / Supervision: Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, and CONNIE SMITH maintain inadequate policies and customs relating to the monitoring and supervision of inmates including failing to conduct timely and adequate direct-view safety checks sufficient to determine whether inmates' presentation indicates the need for medical treatment, including in violation

16

of California Code of Regulations title 15 § 1027.5 (Safety Checks) and Trinity County Sheriff's Office Custody Manual Policy 504 (Safety Checks). For example, from January 11, 2024, to January 13, 2024, jail staff performed at least six untimely safety checks in the area of the jail where Joshua Garbutt was housed. *Estate of Garbutt v. County of Trinity*, No. 2:24-cv-01275-DMC, ECF No. 18 ¶¶ 66, 68, 75, 82, 100, 116 (E.D. Cal. Oct. 30, 2024). Additionally, the safety checks which were performed were not sufficient to determine whether Joshua Garbutt's presentation indicated the need for medical treatment, where he was observed non-responsive or "moan[ing]" in pain during safety checks, without intervention or further inquiry by jail staff. *Id*. ¶¶ 131–137.

64.    <u>Standards</u>: Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, and CONNIE SMITH's practices and customs are inconsistent with state law, applicable industry standards, and their own policies and procedures including:

(a)    California Code of Regulations title 15 § 1030 (Suicide Prevention Program), § 1055 (Use of Safety Cell), § 1207 (Medical Receiving Screening), § 1027.5 (Safety Checks), § 1208 (Access to Treatment), § 1210 (Individualized Treatment Plans), § 1211 (Sick Call), § 1213 (Detoxification Treatment), § 3365 (Suicide Prevention and Response).

(b)    California Commission on Peace Officer Standards and Training (POST) Learning Doman 31 (Custody), Learning Domain 37 (People with Disabilities).

(c)    Trinity County Sheriff's Office Custody Manual Policy 502 (Reception), Policy 504 (Safety Checks), Policy 505 (Special Management Incarcerated Persons), Policy 508 (Classification), Policy 602 (Incarcerated Persons with Disabilities), Policy 701 (Access to Care), Policy 703 (Referrals and Coordination of Specialty Care), Policy 710 (Medical Screening), Policy 711 (Mental Health Services), Policy 712 (Mental Health Screening and Evaluation), Policy 716 (Detoxification and Withdrawal), Policy 722 (Suicide Prevention and Intervention), Policy 724 (Medical Assessment Protocols).

(d)    National Commission on Correctional Health Care (NCCHC) Standards for Health Services in Jails Standard J-A-01 (Access to Care), Standard J-B-05 (Suicide Prevention and Intervention), Standard J-C-04 (Health Training for Correctional Officers), Standard J-C-07 (Staffing),

17

Standard J-D-08 (Hospitals and Specialty Care), Standard J-E-02 (Receiving Screening), Standard J-E-04 (Initial Health Assessment), Standard J-E-08 (Nursing Assessment Protocols and Procedures), Standard J-E-09 (Continuity, Coordination, and Quality of Care During Incarceration), Standard J-F-01 (Ongoing Care for Chronic Illness), Standard J-F-04 (Medically Supervised Withdrawal and Treatment), Standard J-G-02 (Segregated Inmates).

(e)     Institute for Medical Quality (IMQ) Standard 110 (Transfer of Inmates with Acute Illness), Standard 204 (Basic Training for Correctional Personnel), Standard 302 (Receiving Screening), Standard 303 (Substance Abuse), Standard 304 (Access to Treatment), Standard 306 (Clinic Care), Standard 307 (Health Inventory & Communicable Disease Screening), Standard 312 (Suicide Prevention), Standard 318 (Standardized Procedures/Treatment Protocols), Standard 319 (Continuity of Care), Standard 328 (Health Maintenance).

(f)     American Correctional Association (ACA) Standard 4-ALDF-2A-15 (Staffing), Standard 4-ALDF-5A-04, 4-ALDF-5A-06, 4-ALDF-5A-07 (Substance Abuse Programs), Standard 4-ALDF-7B-10 (Training and Staff Development), Standard 4-ALDF-4C-01 (Access to Care), Standard 4-ALDF-4C-05 (Referrals), Standard 4-ADLF-4C-22 (Health Screens), Standard 4-ALDF-4C-24, 4-ALDF-4C-25 (Health Appraisal), Standard 4-ALDF-4C-32 (Suicide Prevention and Intervention), Standard 4-ALDF-4C-33 (Suicide Clothing), Standard 4-ALDF-4C-36 (Detoxification), Standard 4-ALDF-4C-37 (Management of Chemical Dependency), Standard 4-ALDF-4D-20 (Transfer), Standard 1-HC-1A-01 (Access to Care), Standard 1-HC-4A-05 (Staffing/Referrals), Standard 1-HC-4A-07 (Transfers), Standard 1-HC-1A-19 (Health Screens), Standard 1-HC-1A-22, 1-HC-1A-23 (Health Appraisal), Standard 1-HC-1A-33 (Detoxification), Standard 1-HC-1A-34 (Management of Chemical Dependency).

65.     Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, and CONNIE SMITH do not meaningfully discipline, re-train, correct, or otherwise penalize staff involved in critical incidents where preventable deaths and injuries are sustained by inmates, including those incidents described above. Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, and CONNIE SMITH's failure to correct

18

the inadequate policies, customs, and practices described above, as evidenced by the preventable deaths and injuries sustained by inmates at the jail, contributed to JOHN SWAIN's death at the jail.

66.    Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, and CONNIE SMITH were or should have been on notice regarding the need to discontinue, modify, or implement new and different versions of the deficient policies or customs because the inadequacies and deficiencies were so obvious and likely to result in the violation of rights of persons including JOHN SWAIN.

67.    Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, and CONNIE SMITH's inadequate policies, customs, training, supervision, and control of personnel and inmates were a moving force behind and contributed to the injuries and death of JOHN SWAIN.

## FIRST CLAIM

### Deliberate Indifference

### (U.S. Const. Amend. XIV; 42 U.S.C. § 1983)

68.    Plaintiff ESTATE OF JOHN SWAIN asserts this Claim against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20.

69.    The allegations of the preceding paragraphs 1 to 67 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

70.    *Individual Liability*: Defendants DOE 1 to 20 inadequately screened, classified, assigned, housed, monitored, and/or responded to JOHN SWAIN based on an immediate medical need, putting him at substantial risk of suffering serious harm, without taking reasonable available measures to abate that risk, where a reasonable official in the circumstances would have appreciated the high degree of risk involved, in violation of the Fourteenth Amendment to the United States Constitution.

71.    *Municipal / Supervisory Liability*: Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, and CONNIE SMITH maintained policies or customs of action and inaction resulting in harm to JOHN SWAIN, in violation of the Fourteenth Amendment to the United States Constitution.

72.     Defendants TIM SAXON, CONNIE SMITH, and DOE 1 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

73.     JOHN SWAIN was injured as a direct and proximate result of Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF JOHN SWAIN to receive compensatory (survival) and nominal damages against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20; and punitive damages against Defendants TIM SAXON, CONNIE SMITH, and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF JOHN SWAIN prays for relief as hereunder appears.

## SECOND CLAIM

### Title II of the Americans with Disabilities Act

### (42 U.S.C. § 12101, *et seq.*)

74.     Plaintiff ESTATE OF JOHN SWAIN asserts this Claim against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TRINITY COUNTY BEHAVIORAL HEALTH SERVICES.

75.     The allegations of the preceding paragraphs 1 to 67 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

76.     Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TRINITY COUNTY BEHAVIORAL HEALTH SERVICES qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. JOHN SWAIN had an impairment that substantially limited one or more major life activities and had a record of such an impairment.

77.     *Vicarious Liability*: Defendants DOE 1 to 20 failed reasonably to accommodate JOHN SWAIN's disability, where they could have provided a reasonable accommodation, including by performing a comprehensive intake screening; classification and housing assignment; safe and secure housing; medical/mental health treatment; suicide risk assessment; timely and adequate monitoring; obtaining informed opinions from medical/mental health professionals; and/or recommending urgent

referral to an outside provider, with deliberate indifference or reckless disregard, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

78.     *Municipal / Vicarious Liability*: Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, and CONNIE SMITH maintained policies or customs of action and inaction resulting in harm to JOHN SWAIN, with deliberate indifference or reckless disregard, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

79.     Plaintiff JOHN SWAIN was injured as a direct and proximate result of Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF JOHN SWAIN to receive compensatory (survival) and nominal damages against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TRINITY COUNTY BEHAVIORAL HEALTH SERVICES.

WHEREFORE, Plaintiff ESTATE OF JOHN SWAIN prays for relief as hereunder appears.

**THIRD CLAIM**

**§ 504 of the Rehabilitation Act**

**(29 U.S.C. § 701, *et seq*.)**

80.     Plaintiff ESTATE OF JOHN SWAIN asserts this Claim against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TRINITY COUNTY BEHAVIORAL HEALTH SERVICES.

81.     The allegations of the preceding paragraphs 1 to 67 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

82.     Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TRINITY COUNTY BEHAVIORAL HEALTH SERVICES qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104, and receive federal financial assistance. JOHN SWAIN had an impairment that substantially limited one or more major life activities and had a record of such an impairment.

83.     *Vicarious Liability*: Defendants DOE 1 to 20 failed reasonably to accommodate JOHN

21

SWAIN's disability, where they could have provided a reasonable accommodation, including by performing a comprehensive intake screening; classification and housing assignment; safe and secure housing; medical/mental health treatment; suicide risk assessment; timely and adequate monitoring; obtaining informed opinions from medical/mental health professionals; and/or recommending urgent referral to an outside provider, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*

84. *Municipal / Vicarious Liability*: Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, and CONNIE SMITH maintained policies or customs of action and inaction resulting in harm to JOHN SWAIN, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*

85. Plaintiff JOHN SWAIN was injured as a direct and proximate result of Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF JOHN SWAIN to receive compensatory (survival) and nominal damages against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TRINITY COUNTY BEHAVIORAL HEALTH SERVICES.

WHEREFORE, Plaintiff ESTATE OF JOHN SWAIN prays for relief as hereunder appears.

## FOURTH CLAIM

### Unwarranted Interference with Familial Association

### (U.S. Const. Amend. XIV; 42 U.S.C. § 1983)

86. Plaintiffs L.S., J.S., and CONNIE SWAIN assert this Claim against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20.

87. The allegations of the preceding paragraphs 1 to 85 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

88. Plaintiffs L.S., J.S., and CONNIE SWAIN shared a close relationship and special bond with JOHN SWAIN, which included deep attachments, commitments, and distinctively personal aspects

of their lives and was typical of a loving parent-child relationship, prior to his death. Plaintiffs L.S., J.S., and CONNIE SWAIN frequently visited or spoke with JOHN SWAIN.

89. *Individual / Municipal / Supervisory Liability*: Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20 caused the unwarranted interference with, and premature termination of, Plaintiffs L.S., J.S., and CONNIE SWAIN's familial association with JOHN SWAIN, in the violation of the Fourteenth Amendment to the United States Constitution.

90. Defendants TIM SAXON, CONNIE SMITH, and DOE 1 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

91. Plaintiffs L.S., J.S., and CONNIE SWAIN were injured as a direct and proximate result of Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20's actions and inactions, entitling them to receive compensatory (wrongful death) and nominal damages against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20; and punitive damages against Defendants TIM SAXON, CONNIE SMITH, and DOE 1 to 20.

WHEREFORE, Plaintiffs L.S., J.S., and CONNIE SWAIN pray for relief as hereunder appears.

## FIFTH CLAIM

### Unwarranted Interference with Familial Association

### (U.S. Const. Amend. I; 42 U.S.C. § 1983)

92. Plaintiffs L.S., J.S., and CONNIE SWAIN assert this Claim against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20.

93. The allegations of the preceding paragraphs 1 to 85 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

94. Plaintiffs L.S., J.S., and CONNIE SWAIN shared a close relationship and special bond with JOHN SWAIN, which included deep attachments, commitments, and distinctively personal aspects

1  of their lives and was typical of a loving parent-child relationship, prior to his death. Plaintiffs L.S., J.S.,
2  and CONNIE SWAIN frequently visited or spoke with JOHN SWAIN.

3  95.   *Individual / Municipal / Supervisory Liability*: Defendants COUNTY OF TRINITY,
4  TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL
5  HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20 caused the unwarranted interference with,
6  and premature termination of, Plaintiffs L.S., J.S., and CONNIE SWAIN's familial association with
7  JOHN SWAIN, in the violation of the First Amendment to the United States Constitution.

8  96.   Defendants TIM SAXON, CONNIE SMITH, and DOE 1 to 20's actions and inactions
9  were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights,
10  or were wantonly or oppressively done.

11  97.   Plaintiffs L.S., J.S., and CONNIE SWAIN were injured as a direct and proximate result of
12  Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON,
13  TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20's
14  actions and inactions, entitling them to receive compensatory (wrongful death) and nominal damages
15  against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON,
16  TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20; and
17  punitive damages against Defendants TIM SAXON, CONNIE SMITH, and DOE 1 to 20.

18  WHEREFORE, Plaintiffs L.S., J.S., and CONNIE SWAIN pray for relief as hereunder appears.

19  ## SIXTH CLAIM

20  ### Failure to Summon Medical Care

21  ### (Cal. Gov. Code § 845.6)

22  98.   Plaintiff ESTATE OF JOHN SWAIN asserts this Claim against Defendants COUNTY OF
23  TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY
24  BEHAVIORAL HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20.

25  99.   The allegations of the preceding paragraphs 1 to 67 are realleged and incorporated, to the
26  extent relevant and as if fully set forth in this Claim.

27  100.  *Individual Liability*: Defendants DOE 1 to 20 knew or had reason to know that JOHN
28  SWAIN was in need of immediate medical care and failed to take reasonable action to summon such

24

1    medical care, in violation of California Government Code § 845.6.

2        101.    *Municipal / Supervisory Liability*: Defendants COUNTY OF TRINITY, TRINITY

3    COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH

4    SERVICES, and CONNIE SMITH maintained policies or customs of action and inaction resulting in

5    harm to JOHN SWAIN, in violation of California Government Code § 845.6.

6        102.    *Vicarious Liability*: Defendants COUNTY OF TRINITY, TRINITY COUNTY

7    SHERIFF'S OFFICE, and TRINITY COUNTY BEHAVIORAL HEALTH SERVICES are vicariously

8    liable, through the principles of *respondeat superior* and pursuant to California Government Code §§

9    815.2(a), 845.6, for injuries proximately caused by the acts and omissions of employees acting within the

10    scope of employment, including Defendants TIM SAXON, CONNIE SMITH, and DOE 1 to 20.

11        103.    Defendants TIM SAXON, CONNIE SMITH, and DOE 1 to 20's actions and inactions

12    constituted oppression, fraud, and/or malice resulting in great harm.

13        104.    JOHN SWAIN was injured as a direct and proximate result of Defendants COUNTY OF

14    TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY

15    BEHAVIORAL HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20's actions and inactions,

16    entitling Plaintiff ESTATE OF JOHN SWAIN to receive compensatory (survival) and nominal damages

17    against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON,

18    TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20; and

19    punitive damages against Defendants TIM SAXON, CONNIE SMITH, and DOE 1 to 20.

20        WHEREFORE, Plaintiff ESTATE OF JOHN SWAIN prays for relief as hereunder appears.

21                          **SEVENTH CLAIM**

22                        **Tom Bane Civil Rights Act**

23                        **(Cal. Civ. Code § 52.1)**

24        105.    Plaintiffs ESTATE OF JOHN SWAIN, L.S., J.S., and CONNIE SWAIN assert this Claim

25    against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON,

26    TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20.

27        106.    The allegations of the preceding paragraphs 1 to 104 are realleged and incorporated, to the

28    extent relevant and as if fully set forth in this Claim.

Deliberate Indifference

107.    *Individual Liability*: Defendants DOE 1 to 20 inadequately screened, classified, assigned, housed, monitored, and/or responded to JOHN SWAIN based on an immediate medical need, putting him at substantial risk of suffering serious harm, without taking reasonable available measures to abate that risk, where a reasonable official in the circumstances would have appreciated the high degree of risk involved, with deliberate indifference or reckless disregard, in violation of the Fourteenth Amendment to the United States Constitution; and Article I, Section 7(a) of the California Constitution.

108.    *Municipal / Supervisory Liability*: Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, and CONNIE SMITH maintained policies or customs of action and inaction resulting in harm to JOHN SWAIN, with deliberate indifference or reckless disregard, in violation of the Fourteenth Amendment to the United States Constitution; and Article I, Section 7(a) of the California Constitution.

Title II of the Americans with Disabilities Act & § 504 of the Rehabilitation Act

109.    *Vicarious Liability*: Defendants DOE 1 to 20 failed reasonably to accommodate JOHN SWAIN's disability, where they could have provided a reasonable accommodation, including by performing a comprehensive intake screening; classification and housing assignment; safe and secure housing; medical/mental health treatment; suicide risk assessment; timely and adequate monitoring; obtaining informed opinions from medical/mental health professionals; and/or recommending urgent referral to an outside provider, with deliberate indifference or reckless disregard, with deliberate indifference or reckless disregard, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*; and the Rehabilitation Act, 29 U.S.C. § 794, *et seq*.

110.    *Municipal / Vicarious Liability*: Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, and CONNIE SMITH maintained policies or customs of action and inaction resulting in harm to JOHN SWAIN, with deliberate indifference or reckless disregard, with deliberate indifference or reckless disregard, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*; and the Rehabilitation Act, 29 U.S.C. § 794, *et seq*.

\ \ \

26

Unwarranted Interference with Familial Association

111.    *Individual / Municipal / Supervisory Liability*: Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20 caused the unwarranted interference with, and premature termination of, Plaintiffs L.S., J.S., and CONNIE SWAIN's familial association with JOHN SWAIN, with deliberate indifference or reckless disregard, in violation of the First and Fourteenth Amendments to the United States Constitution; and Article I, Section 7(a) of the California Constitution.

Failure to Summon Medical Care

112.    *Individual Liability*: Defendants DOE 1 to 20 knew or had reason to know that JOHN SWAIN was in need of immediate medical care and failed to take reasonable action to summon such medical care, with deliberate indifference or reckless disregard, in violation of California Government Code § 845.6.

113.    *Municipal / Supervisory Liability*: Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, and CONNIE SMITH maintained policies or customs of action and inaction resulting in harm to JOHN SWAIN, in violation of California Government Code § 845.6.

(Allegations Common to All Theories)

114.    *Vicarious Liability*: Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TRINITY COUNTY BEHAVIORAL HEALTH SERVICES are vicariously liable, through the principles of *respondeat superior* and/or pursuant to California Government Code §§ 815.2(a), 845.6, for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants TIM SAXON, CONNIE SMITH, and DOE 1 to 20.

115.    Defendants TIM SAXON, CONNIE SMITH, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

116.    JOHN SWAIN and Plaintiffs L.S., J.S., and CONNIE SWAIN were injured as a direct and proximate result of Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20's actions and inactions, entitling Plaintiffs ESTATE OF JOHN SWAIN, L.S., J.S., and

27

1  CONNIE SWAIN to receive compensatory (survival and wrongful death) and treble damages and

2  civil/statutory penalties against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S

3  OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, CONNIE SMITH,

4  and DOE 1 to 20; and punitive damages against Defendants TIM SAXON, CONNIE SMITH, and DOE

5  1 to 20.

6        WHEREFORE, Plaintiffs ESTATE OF JOHN SWAIN, L.S., J.S., and CONNIE SWAIN pray for

7  relief as hereunder appears.

8                                    **EIGHTH CLAIM**

9                          **Intentional Infliction of Emotional Distress**

10       117.    Plaintiff ESTATE OF JOHN SWAIN asserts this Claim against Defendants DOE 1 to 20.

11       118.    The allegations of the preceding paragraphs 1 to 116 are realleged and incorporated, to the

12  extent relevant and as if fully set forth in this Claim.

13       119.    Defendants DOE 1 to 20 engaged in outrageous conduct, including by inadequately

14  screening, classifying, assigning, housing, monitoring, and/or responding to JOHN SWAIN based on an

15  immediate medical need, in violation of the United States and California Constitutions, federal and state

16  laws, regulations, policies, standards, general orders, procedures, training, national and local standards,

17  with intent or reckless disregard of the probability that JOHN SWAIN would suffer emotional distress

18  and he did suffer severe emotional distress.

19       120.    Defendants DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or

20  malice resulting in great harm.

21       121.    JOHN SWAIN was injured as a direct and proximate result of Defendants DOE 1 to 20's

22  actions and inactions, entitling Plaintiff ESTATE OF JOHN SWAIN to receive compensatory (survival)

23  and punitive damages against Defendants DOE 1 to 20.

24       WHEREFORE, Plaintiff ESTATE OF JOHN SWAIN prays for relief as hereunder appears.

25                                    **NINTH CLAIM**

26                                    **Negligence**

27       122.    Plaintiff ESTATE OF JOHN SWAIN asserts this Claim against Defendants COUNTY OF

28  TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY

1   BEHAVIORAL HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20.

2       123.    The allegations of the preceding paragraphs 1 to 121 are realleged and incorporated, to the

3   extent relevant and as if fully set forth in this Claim.

4       124.    *Individual Liability*: Defendants DOE 1 to 20 owed JOHN SWAIN a duty of care and

5   breached that duty, including by inadequately screening, classifying, assigning, housing, monitoring,

6   and/or responding to JOHN SWAIN based on an immediate medical need, in violation of the United

7   States and California Constitutions, federal and state laws, regulations, policies, standards, general

8   orders, procedures, training, national and local standards, and/or California Civil Code § 1714(a).

9       125.    *Supervisory Liability*: Defendants TIM SAXON and CONNIE SMITH owed JOHN

10  SWAIN a duty of care, including through Defendants TIM SAXON and CONNIE SMITH's own

11  conduct in creating or increasing an unreasonable risk of harm to JOHN SWAIN; through Defendants

12  TIM SAXON and CONNIE SMITH's special relationships (employer-employee) with Defendants DOE

13  1 to 20; and/or through Defendants TIM SAXON and CONNIE SMITH's special relationships (public

14  protection and/or jailer-prisoner) with, and affirmative duty to protect, JOHN SWAIN, and breached that

15  duty including by maintaining policies or customs of action and inaction which resulted in harm to JOHN

16  SWAIN in violation of the United States and California Constitutions, federal and state laws, regulations,

17  policies, standards, general orders, procedures, training, national and local standards, and/or California

18  Civil Code § 1714(a).

19      126.    *Municipal Liability*: Defendants COUNTY OF TRINITY, TRINITY COUNTY

20  SHERIFF'S OFFICE, and TRINITY COUNTY BEHAVIORAL HEALTH SERVICES maintained

21  policies or customs of action and inaction resulting in harm to JOHN SWAIN, in violation of California

22  Government Code § 845.6 and/or California Code of Regulations title 15 §§ 1027, 1027.5.

23      127.    *Vicarious Liability*: Defendants COUNTY OF TRINITY, TRINITY COUNTY

24  SHERIFF'S OFFICE, and TRINITY COUNTY BEHAVIORAL HEALTH SERVICES are vicariously

25  liable, through the principles of *respondeat superior* and/or pursuant to California Government Code §§

26  815.2(a), 845.6, for injuries proximately caused by the acts and omissions of employees acting within the

27  scope of employment, including Defendants TIM SAXON, CONNIE SMITH, and/or DOE 1 to 20.

28      128.    Defendants TIM SAXON, CONNIE SMITH, and DOE 1 to 20's actions and inactions

constituted oppression, fraud, and/or malice resulting in great harm.

129.    JOHN SWAIN was injured as a direct and proximate result of Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF JOHN SWAIN to receive compensatory (survival) damages against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20; and punitive damages against Defendants TIM SAXON, CONNIE SMITH, and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF JOHN SWAIN prays for relief as hereunder appears.

## TENTH CLAIM

### Wrongful Death

### (Cal. Code Civ. Proc. § 377.60)

130.    Plaintiffs L.S. and J.S. assert this Claim against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20.

131.    The allegations of the preceding paragraphs 1 to 129 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

132.    JOHN SWAIN and Plaintiffs L.S. and J.S. shared a natural parent-child relationship. JOHN SWAIN held out Plaintiffs L.S. and J.S. as his own. JOHN SWAIN frequently visited or spoke with Plaintiffs L.S. and J.S. and shared a loving parent-child relationship prior to JOHN SWAIN's death. JOHN SWAIN is the biological parent of Plaintiffs L.S. and J.S. Plaintiffs L.S. and J.S. are JOHN SWAIN's heirs and successors-in-interest.

133.    *Individual Liability*: Defendants DOE 1 to 20 caused JOHN SWAIN's death by wrongful act and neglect, including by inadequately screening, classifying, assigning, housing, monitoring, and/or responding to JOHN SWAIN based on an immediate medical need, in violation of the United States and California Constitutions, federal and state laws, regulations, policies, standards, general orders, procedures, training, national and local standards, and/or California Civil Code § 1714(a).

134.    *Municipal / Supervisory Liability*: Defendants COUNTY OF TRINITY, TRINITY

30

1    COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH

2    SERVICES, and CONNIE SMITH caused JOHN SWAIN's death by wrongful act and neglect, including

3    by maintained policies or customs of action and inaction resulting in harm to JOHN SWAIN, in violation

4    of the United States and California Constitutions, federal and state laws, regulations, policies, standards,

5    general orders, procedures, training, national and local standards, and/or California Civil Code § 1714(a).

6         135.    *Vicarious Liability*: Defendants COUNTY OF TRINITY, TRINITY COUNTY

7    SHERIFF'S OFFICE, and TRINITY COUNTY BEHAVIORAL HEALTH SERVICES are vicariously

8    liable, through the principles of *respondeat superior* and/or pursuant to California Government Code §§

9    815.2(a), 845.6, for injuries proximately caused by the acts and omissions of employees acting within the

10   scope of employment, including Defendants TIM SAXON, CONNIE SMITH, and/or DOE 1 to 20.

11        136.    Defendants TIM SAXON, CONNIE SMITH, and DOE 1 to 20's actions and inactions

12   constituted oppression, fraud, and/or malice resulting in great harm.

13        137.    JOHN SWAIN died as a direct and proximate result of Defendants COUNTY OF

14   TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY

15   BEHAVIORAL HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20's actions and inactions,

16   entitling Plaintiffs L.S. and J.S. to receive compensatory (wrongful death) damages against Defendants

17   COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY

18   COUNTY BEHAVIORAL HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20; and punitive

19   damages against Defendants TIM SAXON, CONNIE SMITH, and DOE 1 to 20.

20        WHEREFORE, Plaintiffs L.S. and J.S. pray for relief as hereunder appears.

21                              **PRAYER FOR RELIEF**

22        WHEREFORE, Plaintiffs ESTATE OF JOHN SWAIN, L.S., J.S., and CONNIE SWAIN seek

23   Judgment as follows:

24        1.      For an award of compensatory, general, special, and nominal damages (including survival

25   and wrongful death damages under federal and state law) against Defendants COUNTY OF TRINITY,

26   TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL

27   HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20, according to proof at trial;

28        2.      For an award of exemplary/punitive damages against Defendants TIM SAXON, CONNIE

SMITH, and DOE 1 to 20, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally and statutorily protected rights, or were wantonly or oppressively done; and/or constituted oppression, fraud, or malice resulting in great harm;

3.      For funeral and/or burial expenses;

4.      For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, CONNIE SMITH, and DOE 1 to 20, pursuant to California Civil Code §§ 52, 52.1, and any other statute as may be applicable (except that no punitive damages are sought against Defendants COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, and TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, pursuant to California Civil Code § 818);

5.      For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 794, 42 U.S.C. § 12205, California Civil Code § 52.1, California Code of Civil Procedure § 1021.5, and any other statute as may be applicable;

6.      For interest; and

7.      For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: February 5, 2025                              Respectfully Submitted,

By: _____
    Mark E. Merin
    Paul H. Masuhara
    LAW OFFICE OF MARK E. MERIN
    1010 F Street, Suite 300
    Sacramento, California 95814
    Telephone: (916) 443-6911
    Facsimile: (916) 447-8336

    Attorneys for Plaintiffs
    ESTATE OF JOHN SWAIN,
    L.S., J.S., and CONNIE SWAIN

32

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs ESTATE OF JOHN SWAIN, L.S., J.S., and CONNIE SWAIN.

Dated: February 5, 2025

Respectfully Submitted,

By: _____

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Attorneys for Plaintiffs
ESTATE OF JOHN SWAIN,
L.S., J.S., and CONNIE SWAIN