Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:  (916) 443-6911
Facsimile:  (916) 447-8336
E-Mail:      mark@markmerin.com
             paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF JOHN SWAIN,
L.S., J.S., and CONNIE SWAIN

Gregory B. Thomas (SBN 239870)
E-mail: gthomas@bwslaw.com
Jackson D. Morgus (SBN 318453)
E-mail: jmorgus@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
Oakland, California 94612-3520
Tel: 510.273.8780   Fax: 510.839.9104

Attorneys for Defendants
COUNTY OF TRINITY, TRINITY COUNTY
SHERIFF'S OFFICE, TIM SAXON, TRINITY
COUNTY BEHAVIORAL HEALTH
SERVICES, and CONNIE SMITH

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ESTATE OF JOHN SWAIN, et al.,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>COUNTY OF TRINITY, et al.,<br><br>　　　　　　Defendants. | Case No. 2:25-cv-00469-DMC<br><br>**STIPULATION FOR PROTECTIVE ORDER RE: PROTECTED HEALTH INFORMATION; ORDER** |

1

**STIPULATION**

Pursuant to Federal Rule of Civil Procedure 26(c), Local Rule 141.1, and 45 C.F.R. § 164.512(e)(1)(v), the parties stipulate to the entry of a qualified protective order as follows:

1.  The parties and their attorneys are authorized to receive, subpoena, and transmit "protected health information" pertaining to John Swain, and any other parties and/or third-parties to this action, including that which may be contained in the records of the County of Trinity, Trinity County Sheriff's Office, Trinity County Behavioral Health Services, Trinity Hospital, and/or Redding Rancheria Trinity Health Center, to the extent and subject to the conditions outlined herein.

2.  For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103, 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either: (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3.  All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose protected health information to attorneys representing any parties in the above-captioned matter, including Plaintiffs and Defendants.

4.  The parties and their attorneys shall be permitted to use or disclose the protected health information for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process. Nothing in this section shall be construed to prohibit counsel in this matter from sharing information as permitted by law.

5.  Prior to disclosing protected health information to persons involved in this litigation, counsel shall inform each such person that the protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving the protected health information do not use or disclose such information for any purpose other than this litigation.

6. Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return the protected health information to the covered entity or destroy any and all copies of protected health information, except that counsel are not required to secure the return or destruction of protected health information submitted to the court.

7. This Order does not authorize either party to seal court filings or court proceedings. A party may seek permission from the Court to file protected health information under seal pursuant to Local Rule 141.

IT IS SO STIPULATED.

Dated: September 23, 2025

Respectfully Submitted,
LAW OFFICE OF MARK E. MERIN

*/s/ Mark E. Merin*

By: _____
Mark E. Merin
Paul H. Masuhara

Attorneys for Plaintiffs
ESTATE OF JOHN SWAIN,
L.S., J.S., and CONNIE SWAIN

Dated: October 1, 2025

Respectfully Submitted,
BURKE, WILLIAMS & SORENSEN, LLP

*/s/ Jackson D. Morgus*
(as authorized on October 1, 2025)

By: _____
Gregory B. Thomas
Jackson D. Morgus

Attorneys for Defendants
COUNTY OF TRINITY, TRINITY COUNTY SHERIFF'S OFFICE, TIM SAXON, TRINITY COUNTY BEHAVIORAL HEALTH SERVICES, and CONNIE SMITH

3

**STIPULATION FOR PROTECTIVE ORDER RE: PROTECTED HEALTH INFORMATION**
*Estate of Swain v. County of Trinity*, United States District Court, Eastern District of California, Case No. 2:25-cv-00469-DMC

**ORDER**

The parties' stipulation is APPROVED.

IT IS SO ORDERED.

Dated: October 2, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE